```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ELITE II, etc.,

      Plaintiff,

v.                                           CASE NO. 8:05-CV-1623-T-17MAP

AMERICAN CASUALTY COMPANY
OF READING, PENNSYLVANIA,

      Defendant.

_____/

## ORDER

This cause is before the Court on:

Dkt. 18 Motion to Dismiss
Dkt. 24 Response

The Complaint in this case seeks a declaratory judgment on the right to premium credits under the Florida Contracting Classification Premium Adjustment Program ("FCCPAP"), monetary damages, punitive damages for bad faith, and attorney's fees.

I. Defendant's Motion

Defendant requests the dismissal of this case for failure to state a claim because Plaintiff did not exhaust its administrative remedies under Sec. 627.371, Florida Statutes. Defendant argues that any claim that an insurance rate was improperly applied must be administratively reviewed in accordance with the regulatory scheme, and Florida law precludes Plaintiff from circumventing the required review process by bringing this suit. See Florida Welding & Erection Service, Inc.

Case No. 8:05-CV-1623-T-17MAP

<u>V. American Mutual Insurance Company of Boston</u>, 285 So.2d 386 (Fla. 1973); <u>American Home Assurance Co. v. The Phineas Corp.</u>, 347 F.Supp.2d 1231 (M.D. Fla. 2004).

Defendant also argues that neither the terms of its insurance policies nor the requirements of Florida law provide for the application of the FCCPAP credit sought. Defendant argues that Plaintiff does not allege that the insurance policies incorporate the Basic Manual or its specific provisions relating to the FCCPAP credit, and no Florida Statute or administrative regulation requires application of the credit. Defendant argues that Section 69L-6.021, Fla. Administrative Code, and its predecessor, Section 4L-6.021, were adopted after the end of the policy periods in each of the Progressive policies, and have no bearing on this action.

II. Plaintiff's Response

Plaintiff opposes the dismissal of this case for failure to state a claim. Plaintiff argues that this case is not about the calculation of rates and the administrative remedies to challenge those calculations. Plaintiff contends that Defendant knowingly refused to refund the premium overpaid by Plaintiff, ignoring the provision of the credit by the FCCPAP and the NCCI Manual.

Plaintiff filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Financial Services asserting that Defendant violated Sec. 626.9541(1)(o), <u>Fla</u>. <u>Stat</u>., for "knowingly collecting as a premium for insurance a sum in excess of or less than the premium or charge applicable to such insurance, in accordance with the applicable classifications and

2

Case No. 8:05-CV-1623-T-17MAP

rates filed and approved by [the Department]. Plaintiff argues that this violation was done in bad faith, and a civil action may be brought under Sec. 624.155(1)(a), as stated in the Notice. Plaintiff argues that the Florida Department of Financial Services notified Plaintiff of the acceptable date to pursue its bad faith claim, and this action was filed pursuant to the Civil Remedy Notice. Plaintiff argues that it has exhausted its administrative remedy under Sec. 624.155(1)(a), Fla. Stat. for Defendant's unfair methods of competition and unfair or deceptive acts under Sec. 626.9541(o), and Defendant's insurance policy provides for application of the credits as specified in the Florida Contracting Classification Premium Adjustment Program.

Plaintiff argues that the Florida Administrative Code expressly adopts the classification codes and descriptions specified in the FCCPAP, and published in the Manual, and an evidentiary review is required as to this question. Plaintiff further argues that the final premium to which Plaintiff asserts the FCCPAP credit should apply is itself determined after the policy ends, and there is no indication in the Florida Statutes, Codes or the FCCPAP that the credit does not apply to Plaintiff's policy. Plaintiff argues that this issues is a disputed issue of material fact, and therefore would preclude entry of summary judgment, if the Court treated the pending Motion to Dismiss as a Motion for Summary Judgment.

A. Exhaustion of Remedies

After consideration, the Court denies the Motion to Dismiss. Although this case is about the total premium due for the policies issued to Plaintiff, Plaintiff is not challenging

Case No. 8:05-CV-1623-T-17MAP

alleged improper classification, or the rates on which the premium is based.  Plaintiff is seeking a declaration that the policy provisions require Defendant to apply the FCCPAP credit in calculating the correct premium for the policy periods.  The Court recognizes the regulatory scheme and the discretion of the Florida Department of Insurance, but finds that the resolution of this case will turn on construction of the insurance policies.

B.  Application of FCCPAP Credit

   The insurance policies at issue provide for the payment of retrospective premiums.  After the conclusion of the policy period, an audit is conducted and a final premium is then calculated.

   Defendant argues that Section 69L-6.021 was adopted on July 4, 2004, and its predecessor was adopted on October 21, 2002. Both dates are after the end of the policy periods in question. Defendant argues that there is no basis in law or fact to require Defendant to apply the credit.

   It is not clear to the Court at this time how administrative rules adopted after the applicable policy period may become binding terms of the insurance policies at issue.  The Court **directs** Plaintiff to file a Reply further explaining in detail this potentially dispositive issue within twenty days, with supporting documentation for the Court's evaluation. Accordingly, it is

Case No. 8:05-CV-1623-T-17MAP

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 18) is **deferred**, and Plaintiff **shall file** Reply addressing Plaintiff's position that the FCCPAP applies to the subject insurance policies within twenty days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 11th day of May, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record